IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.     Case No. 23-CV-355

TOWN OF LAC DU FLAMBEAU,

      Defendant.

**COMPLAINT**

The United States of America, pursuant to the authority of the Attorney General and at the request of the Secretary of the Interior, acting on its own behalf and as trustee for the Lac du Flambeau Band of Lake Superior Chippewa Indians of the Lac du Flambeau Reservation of Wisconsin ("Band") and seventy-six individual Indian landowners ("Allottees"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought pursuant to the federal common law of trespass to protect land to which the United States holds title in trust for the Band and the Allottees, seeking declaratory relief, damages, and ejectment to remedy the Town of Lac

du Flambeau's ("Town") intentional and unauthorized use and occupancy of that land as part of the Town's road system.

2. The United States, acting through the Bureau of Indian Affairs ("BIA"), holds fee title to the lands at issue for the benefit of the Band and the Allottees. In its capacity as trustee, the BIA in the 1960s granted either Ronald Niske and Northwoods Land Office, Inc. ("Northwoods") or T.J. Patterson and Patterson Brothers, Inc. ("Patterson") five separate easements for right-of-way ("ROW") for roads over and across tribal trust and allotted lands within the exterior boundary of the Lac du Flambeau Reservation ("Reservation"), each for a term of fifty years. The BIA granted the ROWs, with the requisite consent of the Band and the Allottees, pursuant to the Indian Right-of-Way Act, 25 U.S.C. §§ 323-328, and the implementing regulations found in 25 C.F.R. Part 169 ("ROW Act"). At some point during the fifty-year term, the United States is informed and believes, Northwoods or Patterson assigned each ROW to the Town.

3. The term of the ROW for Elsie Lake Lane, which began on October 23, 1961, expired on October 22, 2011. The term of the ROW for East Ross Allen Lake Lane, which began on March 17, 1964, expired on March 16, 2014. The terms of the two ROWs for Annie Sunn Lane, which began on April 28, 1964 and February 19, 1968, respectively, expired on April 27, 2014 and February 18, 2018, respectively. And the term of the ROW for Center Sugarbush Lane, which began on July 28, 1964, expired on July 27, 2014. The Town failed to submit timely renewal applications for the ROWs and has not applied for new ROWs. The Town continues to use the Band's and Allottees' lands unlawfully, without a valid grant or authorization from the BIA.

4. In remedy for the Town's continuing trespass on lands to which the United States holds title for the benefit of the Band and the Allottees, the United States brings this action. The United States prefers a negotiated resolution that would allow the aforementioned roads to have their ROWs renewed pursuant to the ROW Act and remain part of the Town's road system. If a negotiated resolution is not possible, the United States seeks all just and appropriate remedies, including, but not limited to, a declaration that the Town is in trespass; damages or mesne profits in compensation for the past unlawful use and occupancy; and, if the Town refuses to comply with the ROW Act, ejectment from further unauthorized and unlawful use of the Band's and Allottees' land and full restoration and remediation of the property.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1345 (United States as Plaintiff) because the action arises under the Constitution, treaties, and laws of the United States, and is brought by the United States.

6. The allegations of this Complaint give rise to an actual controversy within the meaning of 28 U.S.C. §§ 2201-2202 (Declaratory Judgments).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in the judicial district and most, if not all, of the events giving rise to this action occurred there.

## PARTIES

8. Plaintiff is the United States of America, suing on its own behalf in its sovereign governmental capacity and in its capacity as trustee for the Band and the Allottees.

9. The Lac du Flambeau Band of Lake Superior Chippewa Indians of the Lac du Flambeau Reservation of Wisconsin is an Indian Tribe recognized by the Secretary of the Interior and eligible for funding and services from the United States. 88 Fed. Reg. 2112, 2113 (Jan. 12, 2023).

10. Defendant Town of Lac du Flambeau is a municipal corporation situated in Vilas County, Wisconsin.

## FACTUAL ALLEGATIONS

**A. The Lac du Flambeau Reservation**

11. The Reservation is the permanent homeland of the Band. The Reservation was established in the 1854 Treaty with the Chippewa, 10 Stat. 1109.

12. The Reservation was subject to allotment under the Indian General Allotment Act, also known as the Dawes Act. By 1901, 578 allotments had been distributed, and approximately 45,000 acres had passed into fee simple ownership.

13. In 1934, the passage of the Indian Reorganization Act ("IRA") reversed the allotment system, and tribes held elections to decide whether to reorganize their governments. In 1935, the Band voted to organize under the IRA and adopted an IRA constitution in 1936.

14. Wisconsin became a territory in 1836 and remained in that form until joining the Union as the thirtieth State on May 29, 1848. Until 1875, the area now known as Vilas County was part of Marathon County. The area subsequently became part of Lincoln County, until 1885, and then part of Oneida County, until 1893. On April 12, 1893, Vilas County, with its current geographical boundaries, was created.

15. The Town was established on June 5, 1900. At that time, the Township extended north to the Michigan border. Following divisions to the Town of Presque Isle in 1907 and the Town of Manitowish Waters in 1928, the Town assumed its present boundaries.

16. Today, the Reservation consists of approximately 86,600 acres of land. The United States holds legal title to 39,403 acres of land held in trust for the Band, and to 18,532 acres of allotted land in trust for individual Indian beneficial owners, including the Allottees.

17. Due to allotment and the subsequent issuance of fee patents for some of the allotments, portions of the lakefront property on the Reservation have transferred to private ownership. Tracts of privately owned, non-Indian land thus lie amidst the Band's and Allottees' lands constituting the subject matter of this Complaint.

**B.    The Expired ROWs**

*Annie Sunn Lane*

18. Exercising its authority under the ROW Act, the BIA approved three ROWs granted to Northwoods for the construction and use of Annie Sunn Lane across land

-5-

owned by the United States in trust for the Band and fifty-six Allottees. Two of these ROWs are at issue in this case.

19. On April 28, 1964, the BIA approved ROW 432-2575964 for a segment of Annie Sunn Lane (the "First Annie Sunn Lane ROW"). A copy of ROW 432-2575964 is attached hereto as Exhibit 1 and incorporated by reference herein.

20. The term of the First Annie Sunn Lane ROW was fifty years, beginning April 28, 1964, and expiring April 27, 2014.

21. The United States is informed and believes, and on that basis alleges, that Northwoods assigned the First Annie Sunn Lane ROW to the Town at some point during the ROW term.

22. The First Annie Sunn ROW expired by its own terms on April 27, 2014.

23. The Town never applied to renew the First Annie Sunn ROW prior to its expiration; the Band and the Allottees never consented to renewal of the First Annie Sunn ROW; and the BIA never granted a renewal.

24. In a letter dated February 6, 2014, the BIA notified local residents that the First Annie Sunn ROW would expire by its terms on April 27, 2014.

25. On February 19, 1968, the BIA approved ROW 432-1521 for a second segment of Annie Sunn Lane (the "Second Annie Sunn Lane ROW"). A copy of ROW 432-1521 is attached hereto as Exhibit 2 and incorporated by reference herein.

26. The term of the Second Annie Sunn Lane ROW was fifty years, beginning February 19, 1968, and expiring February 18, 2018.

27. The United States is informed and believes, and on that basis alleges, that Northwoods assigned the Second Annie Sunn Lane ROW to the Town at some point during the ROW term.

28. The Second Annie Sunn Lane ROW expired by its own terms on February 18, 2018.

29. The Town never applied to renew the Second Annie Sunn Lane ROW prior to its expiration; the Band and the Allottees never consented to the renewal of the Second Annie Sunn Lane ROW; and the BIA never granted a renewal.

*Center Sugarbush Lane*

30. Exercising its authority under the ROW Act, the BIA approved ROW 432-4391964 granting an easement to Northwoods for the construction and use of Center Sugarbush Lane across land owned by the United States in trust for the Band and fifteen Allottees (the "Center Sugarbush Lane ROW"). A copy of ROW 432-4391964 is attached hereto as Exhibit 3 and incorporated by reference herein.

31. The term of the Center Sugarbush Lane ROW was fifty years, beginning July 28, 1964, and expiring July 27, 2014.

32. The United States is informed and believes, and on that basis alleges, that Northwoods assigned the Center Sugarbush Lane ROW to the Town at some point during the ROW term.

33. In a letter dated December 4, 2013, the BIA notified local residents that the Center Sugarbush Lane ROW would expire by its terms on July 27, 2014.

34. In a letter dated January 2, 2014, the Town informed residents of Center Sugarbush Lane that the Town was aware of the impending expiration of the Center Sugarbush Lane ROW and that "[t]he Town Board intends to protect the road as a Town Road." The letter thus requested that residents "not engage in further communication with the BIA" about renewing the Center Sugarbush Lane ROW "because it is important that all communications come through the Town Board and its attorney."

35. The Center Sugarbush Lane ROW expired by its own terms on July 27, 2014.

36. The Town never applied to renew the Center Sugarbush Lane ROW prior to its expiration; the Band and the Allottees never consented to renewal of the Center Sugarbush Lane ROW; and the BIA never granted a renewal.

### *East Ross Allen Lake Lane*

37. Exercising its authority under the ROW Act, the BIA approved ROW 432-1869964 granting an easement to Northwoods for the construction and use of East Ross Allen Lake Lane across land owned by the United States in trust for the Band (the "East Ross Allen Lake Lane ROW"). A copy of ROW 432-1869964 is attached hereto as Exhibit 4 and incorporated by reference herein.

38. The term of the East Ross Allen Lake Lane ROW was fifty years, beginning March 17, 1964, and expiring March 16, 2014.

39. The United States is informed and believes, and on that basis alleges, that Northwoods assigned the East Ross Allen Lake Lane ROW to the Town at some point during the ROW term.

40. In a letter dated December 5, 2013, the BIA notified local residents that the East Ross Allen Lake Lane ROW would expire by its terms on March 16, 2014.

41. In a letter dated January 2, 2014, the Town informed residents of East Ross Allen Lake Lane that the Town was aware of the impending expiration of the East Ross Allen Lake Lane ROW and that "[t]he Town Board intends to protect the road as a Town Road." The letter thus requested that residents "not engage in further communication with the BIA" about renewing the ROW "because it is important that all communications come through the Town Board and its attorney."

42. The East Ross Allen Lake Lane ROW expired by its own terms on March 16, 2014.

43. The Town never applied to renew the East Ross Allen Lake Lane ROW prior to its expiration; the Band never consented to renewal of the East Ross Allen Lake Lane ROW; and the BIA never granted a renewal.

### *Elsie Lake Lane*

44. Exercising its authority under the ROW Act, the BIA approved ROW 432-11462961 granting an easement to Patterson for the construction and use of Elsie Lake Lane across land owned by the United States in trust for the Band and seven Allottees (the "Elsie Lake Lane ROW"). A copy of ROW 432-11462961 is attached hereto as Exhibit 5 and incorporated by reference herein.

45. The term of the Elsie Lake Lane ROW was fifty years, beginning October 23, 1961, and expiring October 22, 2011.

46. The United States is informed and believes, and on that basis alleges, that Patterson assigned the Elsie Lake Lane ROW to the Town at some point during the ROW term.

47. The Elsie Lake Lane ROW expired by its own terms on October 22, 2011.

48. The Town never applied to renew the Elsie Lake Lane ROW prior to its expiration; the Band and the Allottees never consented to renewal of the Elsie Lake Lane ROW; and the BIA never granted a renewal.

### C. The Town of Lac du Flambeau's Continuing Trespass

49. At various times since expiration of the First Annie Sunn Lane ROW, the Second Annie Sunn Lane ROW, the Center Sugarbush Lane ROW, the East Ross Allen Lake Lane ROW, and the Elsie Lake Lane ROW, the Town, local residents, and title insurance companies have engaged in negotiations with the Band to resolve the issue of the expired ROWs. The parties have not reached an agreement to bring any of the ROWs into compliance with Federal law.

50. On or about January 19, 2023, the Band notified the Town, local residents, and title insurance companies that because negotiations to resolve the issue of the expired ROWs were stalled, the Band intended, beginning January 31, 2023, to limit public access over and across those portions of Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane situated on land owned by the United States in trust for the Band and the Allottees.

51. On January 31, 2023, the Band began limiting public access over and across those portions of Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane,

and Elsie Lake Lane situated on land owned by the United States in trust for the Band and the Allottees, and the Band continued to limit public access over and across those roads until March 13, 2023.

52. On February 2, 2023, the Band formally requested the BIA's assistance in remedying the Town's unauthorized use and occupancy of those portions of Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane situated on land owned by the United States in trust for the Band and the Allottees.

53. On March 13, 2023, the Band reopened those portions of Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane situated on land owned by the United States in trust for the Band and the Allottees to public access pursuant to an agreement between the Band and the Town providing that the Band would permit temporary public access over and across those roads for up to ninety days.

54. On or about March 15, 2023, the Band's Council formally requested that the BIA remove those portions of Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane situated on land owned by the United States in trust for the Band and the Allottees from the National Tribal Transportation Facilities Inventory ("Inventory") pursuant to 25 C.F.R. § 170.444(b)(1). Indian tribes become eligible to receive funding from the Tribal Transportation Program for planning, construction, improvement, and maintenance of roads that tribes choose to list on the Inventory. The Band never expended any federal transportation funds on Annie Sunn

Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane, and the Council decided to remove the roads from the Inventory.

55. On March 30, 2023, the BIA notified the Band that, effective March 24, 2023, the BIA approved the Band's update request and removed Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane from the Inventory pursuant to 25 C.F.R. § 170.444(b)(3). The BIA first determined pursuant to 25 C.F.R. § 170.444(b)(2)(i) that the Band had not expended any federal transportation funds on the roads and otherwise validated the Band's request.

56. Notwithstanding the Band's and the Town's temporary access agreement, the Town has not brought the portions of Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane situated on land owned by the United States in trust for the Band and the Allottees into conformity with the requirements of the ROW Act, and as a result continued use of the roads by the Town constitutes a trespass.

57. Since the expiration of the First Annie Sunn Lane ROW, the Second Annie Sunn Lane ROW, the Center Sugarbush Lane ROW, the East Ross Allen Lake Lane ROW, and the Elsie Lake Lane ROW, the Town has operated, and continues to operate, those portions of Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane situated on land owned by the United States in trust for the Band and the Allottees as public roads in violation of the requirements of the ROW Act.

58. Notwithstanding expiration of the First Annie Sunn Lane ROW, the Second Annie Sunn Lane ROW, the Center Sugarbush Lane ROW, the East Ross Allen Lake Lane ROW, and the Elsie Lake Lane ROW, the Town, based on the most recently

available records of the State of Wisconsin Department of Transportation, holds itself out as the public authority responsible for operating and maintaining Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane, including those portions of the roads situated on land owned by the United States in trust for the Band and the Allottees.

59. The Town's use and occupation of those portions of Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane situated on land owned by the United States in trust for the Band and the Allottees, as described above, has been and continues to be knowing, intentional, willful, without valid consent, and contrary to Federal law.

## FIRST CLAIM FOR RELIEF
### Trespass

60. The United States incorporates by reference each of the preceding paragraphs above as though fully set forth herein.

61. Since at least October 23, 2011, without authorization and legal right, the Town has willfully occupied and used the Band's and Allottees' lands described in the Elsie Lake Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system. As a result of its unauthorized and continuing unlawful use, the Town has committed and is now committing a continuing willful trespass on the Band's and Allottees' lands, to which the United States holds title for the benefit of the Band and the Allottees.

62. Since at least March 17, 2014, without authorization and legal right, the Town has willfully occupied and used the Band's lands described in the East Ross Allen Lake Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system. As a result of its unauthorized and continuing unlawful use, the Town has committed and is now committing a continuing willful trespass on the Band's lands, to which the United States holds title for the benefit of the Band.

63. Since at least April 28, 2014, without authorization and legal right, the Town has willfully occupied and used the Band's and Allottees' lands described in the First Annie Sunn Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system. As a result of its unauthorized and continuing unlawful use, the Town has committed and is now committing a continuing willful trespass on the Band's and Allottees' lands, to which the United States holds title for the benefit of the Band and the Allottees.

64. Since at least July 28, 2014, without authorization and legal right, the Town has willfully occupied and used the Band's and Allottees' lands described in the Center Sugarbush Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system. As a result of its unauthorized and continuing unlawful use, the Town has committed and is now committing a continuing willful trespass on the Band's and Allottees' lands, to which the United States holds title for the benefit of the Band and the Allottees.

65. Since at least February 19, 2018, without authorization and legal right, the Town has willfully occupied and used the Band's and Allottees' lands described in the

Second Annie Sunn Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system. As a result of its unauthorized and continuing unlawful use, the Town has committed and is now committing a continuing willful trespass on the Band's and Allottees' lands, to which the United States holds title for the benefit of the Band and the Allottees.

66. As a direct and proximate result of the Town's continuing willful trespass, the Town has denied the Band and the Allottees full enjoyment of their property interests and damaged and continues to damage the Band and the Allottees and their land, and the governmental interests of the United States, and will continue to do so unless and until the trespass is remedied.

## SECOND CLAIM FOR RELIEF
**Ejectment**

67. The United States incorporates by reference each of the preceding paragraphs above as though fully set forth herein.

68. Since at least October 23, 2011, without authorization and legal right, the Town has willfully occupied and used the Band's and Allottees' lands described in the Elsie Lake Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system.

69. Since at least March 17, 2014, without authorization and legal right, the Town has willfully occupied and used the Band's lands described in the East Ross Allen Lake Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system.

70. Since at least April 28, 2014, without authorization and legal right, the Town has willfully occupied and used the Band's and Allottees' lands described in the First Annie Sunn Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system.

71. Since at least July 28, 2014, without authorization and legal right, the Town has willfully occupied and used the Band's and Allottees' lands described in the Center Sugarbush Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system.

72. Since at least February 19, 2018, without authorization and legal right, the Town has willfully occupied and used the Band's and Allottees' lands described in the Second Annie Sunn Lane ROW and any appurtenances located thereon in the continuing operation of the Town's road system.

73. In the absence of valid grants of easement for right-of-way, the Town continues to unlawfully use and occupy the Band's and the Allottees' lands described in the Elsie Lake Lane ROW, the East Ross Allen Lake Lane ROW, the First Annie Sunn Lane ROW, the Center Sugarbush Lane ROW, and the Second Annie Sunn Lane ROW. As a direct and proximate result of its unauthorized and continuing illegal occupation and use, the Town has prevented and continues to prevent the Band and the Allottees from enjoying and using their lands, which the United States owns in trust for the benefit of the Band and the Allottees.

74. The Town lacks any and all lawful right to use and occupy the Band's and Allottees' lands described in the Elsie Lake Lane ROW, the East Ross Allen Lake Lane

ROW, the First Annie Sunn Lane ROW, the Center Sugarbush Lane ROW, and the Second Annie Sunn Lane ROW or otherwise to possess those lands in any way.

75. The Town has defied, and continues to defy, the authority of the United States, acting through the BIA, by failing to comply with the ROW Act.

76. The Town's occupation and use of the Band's and Allottees' lands is unlawful, and as a direct and proximate result of its trespass, the Town has damaged and continues to damage the Band and the Allottees and their land, and the governmental interests of the United States, and will continue to do so unless and until the parties reach a negotiated resolution that allows the Town's roads to remain in place pursuant to the ROW Act or, if the parties are unable to reach such a negotiated resolution, unless and until the Town's roads and any associated appurtenances located thereon are removed from the Band's and the Allottees' lands.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court grant the following relief:

a. Declare that the Town's willful, unauthorized, and continuing occupation and use of the Band's and the Allottees' lands without the authorization of the BIA and the consent of the Band and the Allottees pursuant to the ROW Act constitutes a continuing trespass and violation of the ROW Act;

b. Enter a judgment for all permissible mesne profits or monetary damages caused by the Town's willful, unauthorized, and continuing occupation, use, and disturbance of the Band's and Allottees' lands described in the Elsie Lake Lane ROW,

the East Ross Allen Lake Lane ROW, the First Annie Sunn Lane ROW, the Center Sugarbush Lane ROW, and the Second Annie Sunn Lane ROW including, without limitation, administrative costs and the costs and expenses of restoring and remediating the property, and additions and accruals to date of judgment;

  c. Enter a judgment for pre- and post-judgment interest on all damages awarded from the date of filing of this Complaint until the judgment is paid in full;

  d. If the parties are unable to reach a negotiated resolution that allows the Town's roads to remain in place on the Band's and Allottees' lands pursuant to the ROW Act, issue an order ejecting the Town from the Band's lands and permanently prohibiting the Town from occupying or using the Band's lands without the authorization of the BIA and the consent of the Band and the Allottees pursuant to the ROW Act;

  e. Award the United States all its costs in this action to the maximum extent permissible; and

  f. Grant such other and further relief as the Court deems just and proper.

Dated: May 31, 2023

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney


   */s/ Megan R. Stelljes*
Megan R. Stelljes, Assistant United States Attorney
222 West Washington Avenue, Suite 700
Madison, WI 53703
Tel.: (608) 264-5158
Email: megan.stelljes@usdoj.gov

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division


   */s/ Samuel D. Gollis*
Samuel D. Gollis, Trial Attorney
Massachusetts BBO No. 561439
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel.: (303) 844-1351
Email: samuel.gollis@usdoj.gov

*Counsel for the United States of America*


OF COUNSEL:

Kara G. Pfister, Senior Attorney
Office of the Solicitor – Northeast Region
United States Department of the Interior

Andrew S. Caulum, Senior Attorney
Office of the Solicitor – Division of Indian Affairs
United States Department of the Interior