IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff and Counter Defendant,

  v.

TOWN OF LAC DU FLAMBEAU,                        Case No. 3:23-CV-355-wmc

        Defendant and Counter Claimant,
        and

GORDON ANDERSON, et al.,

        Intervenor Defendants and Intervenor
        Counterclaimants.

---

**INTERVENOR DEFENDANTS' BRIEF IN RESPONSE TO
COURT'S DECEMBER 5, 2023 ORDER**

---

The Intervenor Defendant Homeowners (the "Homeowners")[1] submit this Brief in response to the Court's December 5, 2023 Order (Dkt. 39) and the January 9, 2024 submission (Dkt. 49) by the United States ("USA" or "government"), in which the USA seeks to designate the appraisals that were prepared by Steigerwaldt Land Services, Inc. ("Steigerwaldt") as "Confidential" under the stipulated Protective Order entered in this case.

As explained below, the Steigerwaldt appraisals do not merit any level of confidentiality protection. The Homeowners therefore respectfully request that the Court enter an order modifying its December 5, 2023 Order to specify that the Steigerwaldt appraisal materials, including the final appraisal reports themselves, shall not be treated as Confidential.

---

[1] ECF No. 29-1 contains the list of Homeowners who are the Intervenor Defendants.

## FACTUAL BACKGROUND

The appraisals at issue were commissioned by the Homeowners who applied for new rights of way, as required under the federally mandated right of way process, per 25 C.F.R. §169. The Homeowners paid Steigerwaldt to appraise the value of the Homeowners' use of each of the road segments used for access to their homes. The Steigerwaldt appraisals did not place a value on the parcels of tribal lands upon which the roads traverse as if this was a sale of the property. Unfortunately, negotiations for new rights of way for Annie Sunn Lane, Center Sugarbush, East Ross Allen Lake Lane, and Elsie Lake Lane (the "Roadways") broke down after the Lac du Flambeau Band of Lake Superior Chippewa Indians (the "Band") demanded $20 million before even receiving a copy of the Steigerwaldt appraisals.

After the Band blockaded the Roadways, the USA filed this lawsuit to permanently enjoin the Homeowners from further use of the only roads that provide access to their homes and to assert trespass damages for the Homeowners' use of the four Roadways at issue in this case. Despite agreeing that the Steigerwaldt appraisals are relevant and probative in this action, the USA is attempting to limit the Homeowners' use of the appraisals for which the Homeowners commissioned and paid, and require the Homeowners to keep the contents confidential, file all of their pleadings mentioning the appraised values under seal, and perhaps require substantial portions of this trial to be closed to the public.

Further factual background regarding the appraisals was detailed in the Homeowners' November 30, 2023 Memorandum (Dkt. 34) filed in opposition to the Motion to Quash filed by the USA, and that Memorandum, including the background, is incorporated by reference herein. After the Court's December 5, 2023 conference with the parties (Dkt. 39), the Steigerwaldt appraisals and related file materials were received from Steigerwaldt in response to the Subpoena

the Homeowners served on Steigerwaldt. The parties have reviewed those materials and now agree that none of the materials deserve any level of confidentiality protection at all, with the only exception being seven appraisals that the USA would like to be treated as "Confidential" under the stipulated protective order that the Court entered at the request of the parties. (Dkts. 46, 46-1, & 47.) For the Court's convenience, the Homeowners are submitting herewith under seal copies of the seven appraisals at issue.[2] (Dkts. 50-57.)

## ARGUMENT

The seven Steigerwaldt appraisals are directly relevant to the claims and defenses in this case. This is admitted by the USA. (Dkt. 49 at 3.) Yet, without identifying what information it deems confidential, the USA asks this Court to designate the entire appraisals as "Confidential."

The only explanation for why the USA wants the appraisals to be treated as confidential boils down to nothing more than a desire to avoid some unspecified and unexplained potential harm to the Band or an unidentified number of Allottees. (Dkt. 49 at 5 n.3.) But the USA makes only the barest of bare bones arguments and fails to provide any detail to flesh out what that supposed harm could be. The USA fails to cite any case law beyond a single, inapposite FOIA exemption case as authority for its position. Therefore, the government has completely failed to carry its burden to establish why the appraisals should be treated as confidential (Dkt. 46 at 6-7, § 16 ("burden of demonstrating that the information is Confidential Information shall be on the designating party")).

---

[2] In total, the Homeowners commissioned and paid Steigerwaldt for seven appraisals: three for Annie Sunn Lane, one for Center Sugarbush Lane, one for East Ross Allen Lake Lane and two for Elsie Lake Lane. Each appraisal valued the Homeowners' use of the road across each parcel of tribal land separately, as required under 25 C.F.R. §169 for the purpose of valuing the amount the Homeowners should pay to the landowners for new rights of way.

It is apparent from even a cursory review of the appraisals that there is nothing inherently unique or special about these appraisals. The appraisals do not reveal anything at all that could be harmful to anyone. There is nothing in the appraisals that is anything close to being a secret of any kind, let alone a trade secret or unique business concern, or anything like deeply personal and private information. To the contrary, the appraisals are nothing more than your basic, mill-run appraisals valuing the use of land for an easement holder. The appraisals do not detail anything confidential about the property, the landowners (such as the Band or any of the individual Allottee owners), or any other confidential information. The USA admits that nothing Steigerwaldt relied upon is confidential because it agreed that all of Steigerwaldt's work papers (including all of the documents containing information upon which Steigerwaldr relied) do not deserve any designation at all. As can be seen from reviewing them, the Steigerwaldt appraisals contain basic background information that is public in nature, and then come to an opinion of value of the Homeowners' use. Therefore, there is no need for the appraisals to be kept confidential and they do not deserve confidential treatment under applicable law.

The Seventh Circuit has for decades consistently held that confidentiality of matters and documents in litigation is highly disfavored. It is a rare document indeed that deserves any level of confidentiality from the public:

> Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing. See *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597-99, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978); *In re Reporters Committee for Freedom of the Press*, 773 F.2d 1325, 1331-33 (D.C. Cir.1985) (Scalia, J.). People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property, *U.S. Bancorp Mortgage Co. v.*

>*Bonner Mall Partnership*, 513 U.S. 18, 27-29, 115 S. Ct. 386, 130 L.
>Ed. 2d 233 (1994); *In re Memorial Hospital of Iowa County, Inc.*, 862
>F.2d 1299, 1302-03 (7th Cir.1988), and the third-party effects that
>justify the subsidy of the judicial system also justify making records
>and decisions as open as possible. What happens in the halls of
>government is presumptively public business. Judges deliberate in
>private but issue public decisions after public arguments based on
>public records. The political branches of government claim legitimacy
>by election, judges by reason. Any step that withdraws an element of
>the judicial process from public view makes the ensuing decision look
>more like fiat, which requires compelling justification.

*Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Before a document will be

granted confidentiality and kept out of the public eye, "a litigant must do more than just identify

a kind of information and demand secrecy." *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.

3d 544, 546 (7th Cir. 2002) ("The motion did not analyze the applicable legal criteria or contend

that any document contains a protectable trade secret or otherwise legitimately may be kept from

public inspection despite its importance to the resolution of the litigation.") (citing *Composite

Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992)). For a

document to be kept confidential, there must be "a compelling interest in secrecy, as in the case

of trade secrets, the identity of informers, and the privacy of children…" *Jessup v. Luther*, 277

F.3d 926, 928 (2002). None exists here.

The USA utterly fails to explain why the Steigerwaldt appraisals should be granted any

level of confidentiality. The USA does not point to any information contained in the appraisals

that call for them to be kept secret. There is nothing akin to a trade secret, the identity of an

informer, or the privacy of children at stake. The USA does not even attempt to argue that there

is such a basis. The appraisals do not value tribal lands, but rather place a value on the

Homeowners' use of the Roadways. One can only guess why the USA does not want the

easement values calculated by Steigerwaldt to be public information. Is it due to the appraisers'

opinions of value? If so, that is not a valid reason to require the appraisals to be kept confidential.

Absent a compelling reason for confidentiality, the appraisals must be granted non-confidential treatment under Seventh Circuit case law, including the holdings of *Union Oil Co. v. Leavell*, *Baxter v. Abbott Labs.*, *Jessup*, and *Composite Marine Propellers.*

The only case cited by the USA in its submission is a FOIA case, *Government Land Bank v. General Services Administration*, 671 F.2d 663 (1st Cir. 1982). The USA recycles that case from its brief in support of its motion to quash (Dkt. 32), when the USA was seeking to prevent any of the appraisal information from being subpoenaed at all. As previously explained by the Homeowners (Dkt. 34 at 16), *Government Land Bank* dealt with *whether FOIA* required the federal General Services Administration (GSA) to *produce* an appraisal to a state agency *in FOIA litigation* where the agency separately was seeking to buy the property from the GSA. That case had nothing to do with the USA suing for ejectment and trespass, and was not at all related to whether documents relevant to the heart of the government's damages case deserve any level of confidentiality. That case is inapposite to this trespass suit. *See Romacorp, Inc. v. Prescient, Inc.*, No. 10-22872-Civ, 2011 WL 2312563, at *3 (S.D. Fla. June 8, 2011) ("The FOIA disclosure regime is distinct from civil discovery.").

Additionally, the Homeowners are no longer pursuing purchasing an interest in land (i.e., new rights of way) after the Band demanded $20 million from the Homeowners for continued use of the Roadways. Due to the impasse, the Band closed the Roadways and the USA filed this lawsuit for ejectment to permanently bar the Homeowners from using the Roadways. Ejectment of the Homeowners is the antithesis of purchasing new rights of way. The Band has even gone so far as to say it will never renew the rights of way for the Roadways. Therefore, even if *Government Land Bank* were applicable (which it is not), the reasoning set forth in *Government Land Bank* for the invocation of a FOIA exemption as to producing an appraisal in the first

instance to a FOIA requester and litigant is inapplicable. Consequently, for that additional independent reason, the Steigerwaldt appraisals do not require any level of confidentiality. *Jessup*, 277 F.3d at 928 (for a document to be kept confidential there must be "a compelling interest.").

Moreover, the Steigerwaldt appraisals go to the heart of the USA's claims. The USA brought this case seeking liability and damages for trespass for use of the Roadways, thereby putting at issue the value of the use of each section of land over which the Roadways traverse. As part of the right of way application process, the Homeowners hired Steigerwaldt to perform seven appraisals, one for each portion of roadway lying within a separate parcel of tribal land. In furtherance of the appraisals' purpose, Steigerwaldt opined on the fair market value of the Homeowners' right to use each of the seven sections of the Roadways for a set term, and therefore, the appraisals provide a basis to calculate the USA's alleged trespass damages for the use of the Roadways. The Homeowners should be allowed to freely use the appraisals in preparation for and during trial without having to keep the information confidential.

Under Seventh Circuit law, the appraisals presumptively should not be confidential. *Baxter v. Abbott Labs*, 297 F. 3d at 546 ("[V]ery few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed."). The USA does nothing to defeat that presumption (or meet its burden under the protective order) other than to express a mere desire for the appraisals to be kept out of the public eye. There is no basis for the assertion that the appraisals will somehow cause potential harm to the Band or an unidentified number of Allottees. Neither the Band nor any Allottee has come forward to express any such concern. Neither has Steigerwaldt. The appraisals do not meet the tests for when a document can

be kept confidential in court proceedings. The Court should therefore deny the USA's request that the Steigerwaldt appraisals be afforded Confidential status under the protective order.

The Homeowners respectfully request that the Court enter an order modifying its December 5, 2023 Order to specify that the Steigerwaldt appraisal materials, including the appraisals themselves, shall not be treated as Confidential by the parties.

Respectfully submitted this 16th day of January, 2024.

REINHART BOERNER VAN DEUREN S.C.
N16 W23250 Stone Ridge Drive
Suite 1
Waukesha, WI 53188

P.O. Box 2265
Waukesha, WI 53187-2265

Telephone:  262-951-4527
Facsimile:  262-951-4690

*/s/ David G. Peterson*
David G. Peterson
WI State Bar ID No. 1001047
dgpeterson@reinhartlaw.com
Bridget M. Hubing
WI State Bar ID No. 1029356
bhubing@reinhartlaw.com
Olivia J. Schwartz
WI State Bar ID No. 1115787
oschwartz@reinhartlaw.com
Samuel C. Sylvan
WI State Bar ID No. 1131339
ssylvan@reinhartlaw.com

*Attorneys for the Intervenor Defendant Homeowners*

51090341v2