

Reinhart Boerner Van Deuren s.c.
N16W23250 Stone Ridge Dr, Suite 1
Waukesha, WI 53188

Telephone:  262.951.4500
Facsimile:   262.951.4690
reinhartlaw.com

February 20, 2024

David G. Peterson
Direct Dial: 262-951-4527
dgpeterson@reinhartlaw.com

VIA ECF

Magistrate Judge Stephen L. Crocker
United States District Court
120 N. Henry Street, Room 320
Madison, WI  53703

Dear Judge Crocker:	Re:	*United States v. Town of Lac du Flambeau*
		Case number 23-CV-355

      I am writing to inquire about the status of the Court's determination regarding the appropriate level of confidentiality protection, if any, to be afforded to the Steigerwaldt appraisals. The parties have fully briefed their opposing positions, and we believe the issue is ripe for the Court's determination.  The briefing was completed on January 16, 2024, pursuant to the Court's scheduling order (Dkt. 39), but the parties are still awaiting a decision from the Court.

      To summarize, the Intervening Defendants (the "Homeowners") assert that the Steigerwaldt appraisals should not be treated as confidential.  The Plaintiff (the "United States") asserts that the appraisals should be afforded confidential protection.  The relevant pleadings summarizing these positions, for the Court's consideration, were submitted as follows:

- The Homeowners served a subpoena duces tecum on Steigerwaldt, seeking production of the seven appraisals that the Homeowners' paid Steigerwaldt to complete to value the Homeowners' use of the four roads at issue in this case, along with Steigerwaldt's work papers, correspondence, and other supporting documents in its appraisal files. (Dkt. 35-1).

- The United States moved to quash the subpoena duces tecum served on Steigerwaldt. (Dkts. 31 & 32).

- The Homeowners opposed the motion to quash.  (Dkts. 34–36).

- The defendant, Town of Lac du Flambeau (the "Town"), also opposed the motion to quash.  (Dkts. 37 & 38).

Magistrate Judge Stephen L. Crocker
February 20, 2024
Page 2

- At the telephonic hearing on December 5, the Court ordered Steigerwaldt to comply with the subpoena forthwith, and set a briefing scheduling in the event the parties disagreed on the level of protection, if any, to be afforded Steigerwaldt's appraisal documents. (Dkt. 39).

- After Steigerwadlt produced its documents, the parties agreed on a global Confidentiality Stipulation and Protective Order covering all documents to be produced in this case, which the Court entered. (Dkts. 46 & 47).

- The United States agreed that all of the documents in Steigerwaldt's appraisal files, except the appraisals themselves, could be produced without any confidential designation. However, the United States insisted that the seven appraisals themselves should be treated as "Confidential."

- The United States therefore submitted a brief setting forth its position regarding the confidentiality of the appraisals. (Dkt. 49).

- The Homeowners, as well as the Town, submitted timely responses, explaining why the appraisals should not be treated as confidential. (Dkts. 58 & 59).

- In addition, the seven Steigerwaldt appraisals themselves were submitted to the Court under seal for the Court's review. (Dkts. 50–57).

Consequently, this matter is fully briefed and ready for the Court's decision regarding whether the seven Steigerwaldt appraisals are required to be given any level of confidentiality. The Homeowners truly appreciate Your Honor's consideration of this matter, and apologize for this letter if Your Honor is already working on a decision.

Thank you.

Best regards,

David G. Peterson

51310444

cc: All Record of Counsel, via ECF