UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff and
    Counter Defendant,

v.

TOWN OF LAC DU FLAMBEAU,

    Defendant and
    Counter Claimant,                      Case No. 3:23-cv-00355-wmc

and

GORDON ANDERSON et al.,

    Intervenor Defendants and
    Intervenor Counter Claimants.

---

**INTERVENOR DEFENDANT AND COUNTER CLAIMANT HOMEOWNERS'
MOTION FOR SUMMARY JUDGMENT**

---

The Intervenor Defendant and Counter Claimant Homeowners (the "Homeowners")[1] move the Court pursuant to Federal Rule of Civil Procedure 56 to grant summary judgment to the Homeowners on all Counts of their Amended Counterclaims (ECF No. 62) against Plaintiff United States of America ("USA"), in its sovereign governmental capacity and in its capacity as trustee for the Lac du Flambeau Band of Lake Superior Chippewa Indians (the "Band" or "Tribe") and seventy-six individual Indian landowners ("Allottees"). In addition, although the USA's trespass and ejectment claims in its Amended Complaint (ECF No. 61) are pleaded only against the Town, those two claims fail as a matter of law as against the Homeowners if the Court grants Summary

---

[1] A list of Homeowners, who are the Intervenor Defendants and Counter Claimants, along with the parcels of property they own, is docketed at ECF No. 91-1, Exhibit 1 to the Declaration of B. Hubing, Aug. 30, 2024.

53004767

Judgment to the Homeowners; thus, the Homeowners further move the Court to enter summary judgment dismissing the USA's ejectment claim and declaring the Homeowners have not trespassed on the land at issue in this case.

Specifically, the Homeowners' Amended Counterclaims seek relief in the form of – and thus the Homeowners respectfully move the Court for – an order by the Court, in recordable form, declaring that the Homeowners hold valid and enforceable easements for ingress and egress between their respective parcels and a public road, including over Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane (the "Roadways") that run with the land, and that the Roadways shall accordingly be kept permanently open for use by the Homeowners, their families, friends, invitees, guests and visitors, and allowing the Town to maintain the Roadways for travel in a manner consistent with town roads.

The grounds and basis for this motion are set forth in the following documents filed contemporaneously herewith:

1. the Intervenor Defendant and Counter Claimant Homeowners' Brief in Support of Homeowners' Motion for Summary Judgment;

2. the Homeowners' Proposed Findings of Fact in Support of Homeowners' Motion for Summary Judgment;

3. the following Declarations and Exhibits thereto:

    a. Supplemental Declaration of Bridget M. Hubing in Support of Intervenor Defendant and Counter Claimant Homeowners' Motion for Summary Judgment;

    b. Declaration of David G. Peterson in Support of Intervenor Defendant and Counter Claimant Homeowners' Motion for Summary Judgment;

    c. Declaration of Knight Barry Title Regarding Elsie Lake Lane Properties in Support of Summary Judgment Motion of Intervening Defendants;

    d. Declaration of Knight Barry Title Regarding Annie Sunn Lane Properties in Support of Summary Judgment Motion of Intervening Defendants;

  e.  Declaration of Knight Barry Title Regarding Center Sugarbush Lane Properties in Support of Summary Judgment Motion of Intervening Defendants;

  f.  Declaration of Knight Barry Title Regarding East Ross Allen Lake Lane Properties in Support of Summary Judgment Motion of Intervening Defendants;

  g.  Declaration of Karla Wyse in Support of Summary Judgment Motion of Intervening Defendants;

4. the following previously-filed Declarations and Exhibits thereto:

  a.  August 30, 2024 Declaration of Bridget M. Hubing (ECF No. 91);

  b.  August 29, 2024 Declaration of Matthew Gaulke (ECF No. 92);

  c.  August 27, 2024 Declaration of James Baird (ECF No. 93);

  d.  August 27, 2024 Declaration of Julie Kilger (ECF No. 94);

  e.  August 27, 2024 Declaration of Dennis Pearson (ECF No. 95);

  f.  August 28, 2024 Declaration of Sally Fermanich (ECF No. 96);

  g.  August 28, 2024 Declaration of Mary Possin (ECF No. 98);

  h.  August 28, 2024 Declaration of John Spanton (ECF No. 99);

  i.  August 30, 2024 Declaration of Pamela Kester (ECF No. 101);

  j.  August 31, 2024 Declaration of Martha Hunt (ECF No. 102);

  k.  August 31, 2024 Declaration of Joseph Hunt (ECF No. 103);

  l.  August 28, 2024 Declaration of Donald Pollard (ECF No. 105);

  m.  August 28, 2024 Declaration of Julie Walsh (ECF No. 106);

5. all previously filed pleadings of the parties;

6. all additional materials to be filed in support of this Motion; and

7. all other matters set forth in the Court record or public domain as cited in any of the foregoing documents.

53004767

Dated this 13th day of December, 2024.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>N16 W23250 Stone Ridge Drive<br>Suite 1<br>Waukesha, WI 53188<br>Telephone: 262-951-4527<br>Facsimile: 262-951-4690 | Signed electronically by:<br><br>*/s/ David G. Peterson*<br>David G. Peterson<br>WI State Bar ID No. 1001047<br>dgpeterson@reinhartlaw.com<br>Bridget M. Hubing<br>WI State Bar ID No. 1029356<br>bhubing@reinhartlaw.com<br>Samuel C. Sylvan<br>WI State Bar ID No. 1131339<br>ssylvan@reinhartlaw.com<br><br>*Attorneys for Intervenor Defendant Homeowners* |

53004767