IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff and
    Counter Defendant,

v.

TOWN OF LAC DU FLAMBEAU,

    Defendant and
    Counter Claimant,

  and

GORDON ANDERSON et al.,

    Intervenor Defendants and
    Intervenor Counter Claimants.

Case No. 3:23-cv-00355-wmc

# EMERGENCY MOTION TO AMEND THE COURT'S SEPTEMBER 26, 2024 PRELIMINARY INJUNCTION

The Intervenor Defendant and Counter Claimant Homeowners (the "Homeowners"), as listed in ECF No. 91-1), and the Town of Lac du Flambeau ("Town"), hereby jointly (Homeowners and Town together, "Movants") move the Court on an emergency basis to Amend the Court's Preliminary Injunction, entered on September 26, 2024 (ECF No. 119). Despite the Court's Preliminary Injunction and Opinion and Order (ECF No. 118) granting in part the Homeowners' Motion for Preliminary Injunction requiring Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane and Elsie Lake Lane (the "Roads") at issue to be kept open, the Lac du Flambeau Band of the Lake Superior Chippewa Indians (the "Tribe") is again barricading the Roads, with an announced imminent closure date of **January 16, 2025**, and the United States of America (the "USA"), which is the ward of the Tribe and trustee of the lands under the Roads that are held in restricted fee status, has not responded to the Homeowners' request for assistance.

This Court's Opinion and Order (ECF No. 118), states, in relevant part, that "[i]f the Tribe chooses to disregard the court's order, the Homeowners or Town should notify the court immediately and seek any relief that they deem necessary." (*Id.* at 17). The Court has the power to amend the Preliminary Injunction entered in this case. "In modifying a preliminary injunction, a district court is not bound by a strict standard of changed circumstances but is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Movie Sys., Inc. v. MAD Minneapolis Audio Distribs.*, 717 F.2d 427, 430 (8th Cir. 1983); *see also Rockwell Graphic Sys., Inc. v. DEV Indus. Inc.*, 91 F.3d 914, 920 (7th Cir. 1996) (noting a court may modify scope of an injunction in order to adapt to changed circumstances); *United States v. Swift & Co.,* 286 U.S. 106, 114 (1932) ("We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions....")

The Movants hereby respectfully provide such notification via this Motion and request that the Court amend its Preliminary Injunction to require the USA to take action to prevent the erection of any barricades, or other barriers or restrictions impeding the Homeowners' access to their properties over the Roads or impeding the Town's access for maintenance, snow plowing and provisions of emergency services and other Town functions, during the pendency of this litigation, and to provide appropriate law enforcement with a directive to remove any barricades or impediments placed on the four Roads. Direction to law enforcement to enforce an injunction is appropriate in this case and authorized under federal law. *See, e.g., McKusick v. City of Melbourne*, 96 F.3d 478, 486 (11th Cir. 1996) (upholding provision of injunction authorizing law enforcement to enforce the court's injunction). The proposed form of Amended Preliminary Injunction, including the order to enforce to law enforcement, is filed herewith. If the Roads are

again barricaded, all of the irreparable harm previously detailed by the Homeowners and Town will again be immediately imposed on them.

The grounds and bases for this Joint Motion are set forth below, and further are set forth in the accompanying Declarations filed herewith, as well as the previously-filed Motion for Preliminary Injunction (ECF No. 88), Briefs in Support of Motion for Preliminary Injunction (ECF Nos. 89 & 107), and Declarations filed therewith (ECF Nos. 91, 93, 94, 95, 96, 98, 99, 101, 102, 103, 105, & 106). As further background and explanation for this Emergency Joint Motion, the Homeowners and Town state as follows:

1. From the time of the Court's Preliminary Injunction until now, the Roads have been open without incident and without impediments placed on the Roads.

2. However, the Tribe publicly stated that, if the Town did not pay additional Temporary Access Permit Fees that have accrued since September 12, 2024, by the deadline of January 16, 2025, the Roads will be closed again (*See* Gaulke Declaration filed herewith, ¶ 10 & Exhibit E.)

3. The Town has not paid the Tribe any further Temporary Access Permit Fees after August 2024.

4. Between the evening of January 7, 2025 and the morning of January 8, 2025, the Tribe placed large concrete blocks on the shoulder of each of the Roads, which are the exact type of blocks that the Tribe used to attach metal-chain cables and locks to barricade the Roads in the first several months of 2023. (*See* Gaulke Declaration filed herewith, ¶¶ 3-9 & Exhibits A-D.)

5. On January 8, 2025, counsel for the Homeowners emailed the USA's attorneys and asked what the USA intended to do to prevent the Road closures. No response has been received as of this filing. (*See* Hubing Declaration filed herewith, Exhibit A.)

6. When the Roads were barricaded by the Tribe in January 2023, the Homeowners and their counsel repeatedly contacted the U.S. Marshals Service and the Vilas County Sheriff's Office and pleaded that the barricades be removed, all without success. At the time, law enforcement agencies expressed concern that they lacked authority to remove the barricades.

7. The Homeowners and Town are fearful that the Roads will again be imminently barricaded by the Tribe on January 16, 2025, and that the language in the Court's Preliminary Injunction does not provide sufficient authority for the U.S. Marshals Service or the Vilas County Sheriff's Office, to physically remove the barricades.

8. The barricades will again impose the immediate irreparable harm fully detailed in the Declarations filed by the Homeowners supporting the Motion for Preliminary Injunction. (ECF Nos. 91, 93, 94, 95, 96, 98, 99, 101, 102, 103, 105, & 106). Barricading the Roads, barring and/or delaying emergency response services and requiring Homeowners to trek across frozen lakes in freezing or sub-zero temperatures (and ice that will thaw out in spring) to come or go from their residential properties, is dangerous and places the Homeowners in harm's way.

9. The Homeowners and Town therefore respectfully request that the Court amend its Preliminary Injunction providing that in the event any barriers, barricades, or obstructions of any manner are placed in such a way as to restrict traffic on the Roads, the United States Marshals Service and other federal law enforcement agencies, are empowered and directed to expeditiously remove those barricades; and further providing that, in the absence of action by federal law enforcement agencies within 24 hours, then State, County and Town government and law enforcement agencies shall take any action needed to remove the barricades or obstructions.

10. The Homeowners and Town are filing a proposed Amended Preliminary Injunction herewith for the Court's convenience.

Dated this 14th day of January, 2025.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>N16 W23250 Stone Ridge Drive<br>Suite 1<br>Waukesha, WI 53188<br>Telephone:  262-951-4527<br>Facsimile:  262-951-4690 | Signed electronically by:<br><br>*/s/ David G. Peterson*<br>David G. Peterson<br>WI State Bar ID No. 1001047<br>dgpeterson@reinhartlaw.com<br>Bridget M. Hubing<br>WI State Bar ID No. 1029356<br>bhubing@reinhartlaw.com<br>Samuel C. Sylvan<br>WI State Bar ID No. 1131339<br>ssylvan@reinhartlaw.com<br><br>*Attorneys for Intervenor Defendant Homeowners* |

Dated this 14th day of January, 2025.

| | |
|---|---|
| von Briesen & Roper, s.c.<br>300 North Broadway, Suite 2B<br>Green Bay, WI 54303<br>Telephone:  920-713-7800<br>Facsimile:  920-232-4897 | Signed electronically by:<br><br>*/s/ Frank W. Kowalkowski*<br>Frank W. Kowalkowski<br>WI State Bar ID No. 1018119<br>Frank.kowalkowski@vonbriesen.com |
| von Briesen & Roper, s.c.<br>411 East Wisconsin Avenue, Suite 1000<br>Milwaukee, WI 53202<br>Telephone:  414-287-1519<br>Facsimile:  414-238-6434 | Signed electronically by:<br><br>*/s/ Derek J. Waterstreet*<br>Derek J. Waterstreet<br>WI State Bar ID No. 1090730<br>Derek.waterstreet@vonbriesen.com<br><br>*Attorneys for Defendant-Counterclaimant Town of Lac du Flambeau* |