IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff and
        Counter Defendant,

Case No. 3:23-cv-00355-wmc

v.

TOWN OF LAC DU FLAMBEAU,

        Defendant and
        Counter Claimant,

and

GORDON ANDERSON et al.,

        Intervenor Defendants and
        Intervenor Counter Claimants.

**UNITED STATES OF AMERICA'S RESPONSE TO
DEFENDANT TOWN OF LAC DU FLAMBEAU'S AND
INTERVENOR DEFENDANTS GORDON ANDERSON ET AL.'S
EMERGENCY MOTION TO AMEND THE COURT'S SEPTEMBER 26, 2024
PRELIMINARY INJUNCTION**

As the Court is aware, on October 18, 2024, John Johnson, Sr., President, Lac du Flambeau Band of Lake Superior Chippewa Indians (the "Band"), sent a letter to Defendant and Counter Claimant Town of Lac du Flambeau (the "Town") informing the Town that the Band continues to consider the Town in default under the Band's Tribal Council Resolution requiring the Town to obtain Temporary Access Permits to

use the trust and restricted-fee lands on which portions of the four roads—Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane (the "Roads")—at the center of this case are situated. Dkts. 122 & 122-1. That letter set a deadline of January 16, 2025, for the Town to comply with the requirements of the Tribal Council Resolution and indicated that "failure to pay will result in restricted access over the Four Roads." Dkt. 122-1 at 1. At the time it became aware of the October 18 letter, the United States, consistent with Court's Preliminary Injunction, requested that the Band take no action to restrict access on the Roads during the pendency of this litigation. Dkt. 119.

On January 8, 2025, counsel for Intervenor Defendants Gordon Anderson et al. (the "Homeowners") informed counsel for the United States that the Band had placed large concrete blocks along the Roads. Dkt. 162-1. Although, as of today's date, to the United States' knowledge the Band has not restricted access over any of the Roads since entry of the Preliminary Injunction, it appears that the Band may be poised to impose such restrictions by the January 16, 2025 deadline stated in the Band's October 18, 2024 letter to the Town.

Through counsel, the United States and the Band have maintained an open dialogue since entry of the Preliminary Injunction. The United States has clearly articulated its desire that access along the Roads remain unimpeded. The United States remains in compliance with the Preliminary Injunction.[1]

---

[1] As the United States asserted in its Resp. in Opp'n to Intervenor Defs.' Mot. for Prelim. Injunction (Dkt. 108), the Band is not a party to this litigation and a preliminary injunction

DATED: January 14, 2025

    Respectfully submitted,

    TIMOTHY M. O'SHEA, United States Attorney
    Western District of Wisconsin

    TODD KIM, Assistant Attorney General
    Environment and Natural Resources Division

    */s/ Hillary K. Hoffman*
    HILLARY K. HOFFMAN, Trial Attorney
    Minnesota Bar No. 0402027
    Indian Resources Section
    Environment and Natural Resources Division
    United States Department of Justice
    P.O. Box 7611, Ben Franklin Station
    Washington, D.C. 20044
    Tel.: (202) 598-3147
    Fax: (202) 305-0275
    Email: hillary.hoffman@usdoj.gov

    */s/ Samuel D. Gollis*
    SAMUEL D. GOLLIS, Trial Attorney
    Massachusetts BBO No. 561439
    Indian Resources Section
    Environment and Natural Resources Division
    United States Department of Justice
    999 18th Street, South Terrace, Suite 370
    Denver, CO 80202
    Tel.: (303) 844-1351
    Fax: (303) 844-1350
    Email: samuel.gollis@usdoj.gov

    *Attorneys for the United States of America*

---

is not enforceable against the Band. *Id*. at 10-16. Because the United States, acting through the Bureau of Indian Affairs, lacks authority to control "the Band's exercise of its territorial sovereignty" over the lands at issue in this case, *id*. at 12, the United States lacks the concomitant ability to remove any restrictions on access the Band places on the Roads. *See id.* at 11-12. The United States is thus concerned that the requested relief would exceed the authority of both the Court and the United States.